[Crim. No. 597.   Third Appellate District.—March 20, 1922.]

## THE PEOPLE, Respondent, v. RAMON L. SANCHEZ, Appellant.

[1] APPEAL—RECORD — DUTY OF APPELLANT. — Where no showing is made in support of an appeal, it is not incumbent upon the court to search the record for the purpose of ascertaining whether or not errors warranting a reversal occurred in the trial of the case.

[2] CRIMINAL LAW—SYNDICALISM—RECORD—AFFIRMANCE OF JUDGMENT.—On this appeal from a judgment of conviction of criminal syndicalism, the record was examined and no substantial error was found, notwithstanding no brief was filed in support of the appeal or oral argument made in behalf of the appellant.

APPEAL from a judgment of the Superior Court of Sacramento County.  C. P. Vicini, Judge Presiding.

The facts are stated in the opinion of the court.

J. G. Lawlor and J. R. Connelly for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The indictment charged the defendant with the crime of "criminal syndicalism" as defined by an act of the legislature of 1919.  (Stats. 1919, p. 281.)   The indictment is in the general language of the statute.

The defendant was convicted by a jury and the case was brought to this court by him on an appeal from the judgment.

No brief was filed by the defendant in support of the appeal.  The case was regularly placed upon the calendar of the March, 1922, term of this court for hearing and argument, and the attorneys of record for the defendant duly notified thereof.  When the case was in the regular order called for argument, no appearance was made on behalf of the accused.  The attorney-general thereupon submitted the case upon the record and no oral argument was, therefore, made in his behalf.  No brief has since been filed by the defendant, nor has any application been made in his behalf for leave to file one.

[1] No showing having been made in support of the appeal, it is not incumbent upon this court to search the record for the purpose of ascertaining whether or not errors warranting a reversal occurred in the trial of the case. [2] We have, nevertheless, as is our usual custom in such cases, examined the record with some care, and have failed to find any substantial errors or such errors as may justly be held to have operated prejudicially against the rights of the accused. Indeed, the fact of the failure of counsel of record for the defendant to make any attempt to support the appeal involves a tacit concession that any errors, upon which in the first instance they might have based any hope for a reversal, were without prejudice to the rights of the defendant.

At any rate, under the state of the record as it is submitted, an examination of the record not having disclosed the violation of any of the fundamental rights of the accused, there is no other alternative left to this court but to affirm the judgment, and it is so ordered.

Burnett, J., and Finch, P. J., concurred.