[Crim. No. 638. Third Appellate District.—September 12, 1922.]

## THE PEOPLE, Respondent, v. FRANK SHERMAN, Appellant.

[1] CRIMINAL LAW—SYNDICALISM — RECORD — ABSENCE OF ERROR.—On this appeal from a judgment and order denying a new trial in a prosecution under an indictment charging the crime of criminal syndicalism, which appeal is not supported by either oral or written argument, the record, from such examination as was given to it, fails to show any violation of the fundamental rights of the accused.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. W. A. Anderson, Judge. Affirmed.

The facts are stated in the opinion of the court.

No appearance for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was convicted under an indictment presented to and filed in the superior court of Yolo County charging him with the crime of "criminal syndicalism," as said crime is defined by an act of the legislature of 1919, entitled "An act defining criminal syndicalism and sabotage, proscribing certain acts and methods in connection therewith . . . and providing certain penalties . . . therefor." (Stats. 1919, p. 281.)

He appeals from the judgment and the order denying him a new trial.

The transcript on appeal was filed May 25, 1922, the cause was placed on the calendar of the term of this court commencing on September 5, 1922, and the parties and their attorneys were previously and in due time notified thereof.

On the day last named the cause was regularly called for hearing and argument, but there was no appearance in behalf of the defendant. Nor was there then, or has there since been, a brief filed in this court, in support of the

appeal, and, the legal time for filing a brief having long
since expired, the cause, upon the motion of the attorney-
general, was submitted upon the record.

[1] The record is voluminous, and, while we have not, as
we are not required to do where the state of the appeal
is such as it is herein, examined the record with the care
or circumspection requisite in cases where the appeals are
supported by argument, oral or written, we are justified in
saying, from such examination of the case as we have given
it, that we have not discovered any violation of the funda-
mental rights of the accused and that he seems to have been
accorded a fair trial.

The indictment, following, substantially, the language of
the statute, charges the defendant with the commission of
acts declared by subdivisions 3 and 4 of section 1 of said
statute as constituting criminal syndicalism, there being two
counts in the indictment, the one charging the acts specified
in subdivision 3 and the other the acts specified in subdivi-
sion 4. The verdict was based entirely on subdivision 3.

The evidence, of which a large amount was brought into
the record, is of the same general character as that pre-
sented in the case of *People* v. *Roe,* 58 Cal. App. 690
[209 Pac. 381], and, as there, consisted largely of books,
pamphlets, booklets, magazines, and other publications, con-
taining statements of the general principles of the I. W. W.
organization, of which the defendant was shown to be a
member, and arguments supporting those principles and
advocating, in the most vigorous fashion, the practical ap-
plication thereof with a view of overthrowing our present
system of government. There was also, as was so in the
Roe case, introduced as witnesses certain ex-members of the
I. W. W. organization, and they testified at length as to the
violent methods advocated by said organization or the mem-
bers thereof as the means for accomplishing the avowed
ultimate purpose and end of said organization. These
methods, according to those witnesses, involved acts of sabo-
tage as the same are defined in the statute. But further
reference to the testimony in this case is not necessary. It
is sufficient to say that, from our examination of the evi-
dence, the verdict is amply fortified, evidentially.

The charge of the court was full, fair and involved, gen-
erally speaking, a correct statement of the principles of law

pertinent to the charge and the case as it was made by the proofs.

As to the rulings of the court upon the evidence, it is to be said that, if there was or is ground for complaint on that score, it has not, of course, been pointed out, and, under such circumstances, it does not rest upon this court to search the record for the purpose of ascertaining whether any such errors were made, and, if so, whether they are of sufficient magnitude to require a reversal. In fact, we may assume that the record is free from such errors or, for that matter, all errors of a prejudicial character, from the fact that counsel for the accused have not attempted to sustain the appeal, which may well be taken as a concession that no errors damaging to the substantial rights of the accused were committed by the trial court. (*People v. Sanchez,* 57 Cal. App. 133 [206 Pac. 760].)

The judgment and the order are affirmed.

Burnett, J., and Finch, P. J., concurred.